IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FISHMAN HAYGOOD PHELPS WALMSLEY, WILLIS & SWANSON, L.L.P., *and all others similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE STREET CORPORATION, STATE STREET BANK AND TRUST COMPANY, STATE STREET BANK AND TRUST COMPANY OF NEW HAMPSHIRE, AND STATE STREET GLOBAL ADVISORS,<br><br>Defendants. | CASE NO. 1:09-cv-10533-PBS |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

### A.    Definitions

1.    "Action" or "Litigation" means the above-captioned litigation.

2.    "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

3.    "Discovery Material" means all information, documents, and things produced, served, or otherwise provided in this action by the Parties or by non-parties.

4. "Confidential Discovery Material" means information, documents, and things the Producing Party believes in good faith are not generally known to others, and which the Producing Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith are protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

5. "Highly Confidential Discovery Material" means information, documents, and things the Producing Party believes in good faith are not generally known to others and have significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Producing Party (i) would not normally reveal to third parties or has undertaken with others to maintain in confidence, or (ii) believes in good faith are significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. The designation is reserved for information that constitutes proprietary financial or technical, competitive or commercially sensitive information that the Producing Party maintains as highly confidential in its business.

6. "Producing Party" means a Party or non-party that produces Discovery Material in this action.

7. "Receiving Party" means a Party that receives Discovery Material from a Producing Party.

8. "Designated Discovery Material" means Discovery Material that is designated "Confidential" or "Highly Confidential" under this Order.

9. "Counsel of Record" means (i) counsel who appear on the pleadings as counsel for a Party, and (ii) partners, associates, and employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, translators, legal secretaries, legal clerks and shorthand reporters, or (iii) independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action.

10. "Outside Consultant" means a person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of the opposing Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of the opposing Party.

11. "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees or subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation and mock jurors retained by such a consultant to assist them in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

B. **Scope**

1. The protections conferred by this Order cover not only Designated Discovery Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or the

Court's deadlines. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside the restrictions and procedures of the Federal Rules of Civil Procedures, the Local Rules of this Court, and/or the Standing Orders for the Honorable Patti B. Saris.

### C.     Access to Designated Discovery Material

1.     Confidential Discovery Material. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information, document, or thing designated "Confidential" only to:

a)     Employees of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

b)     Persons who appear on the face of Designated Discovery Material as an author, addressee, or recipient thereof;

c)     Counsel of Record;

d)     Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

e)     Witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Designated Discovery Material unless permitted by other provisions of this Order;

f)     The Court and its personnel;

g)     Any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

      h)      Court reporters and videographers; and

      i)      Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

    2.    Highly Confidential Discovery Material. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information, document, or thing designated "Highly Confidential" only to the following (in addition to those identified in the paragraphs below regarding use of Designated Discovery Material at depositions):

      a)      Persons who appear on the face of Designated Discovery Material as an author, addressee, or recipient thereof;

      b)      Counsel of Record;

      c)      Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

      d)      The Court and its personnel;

      e)      Any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

      f)      Court reporters and videographers; and

      g)      Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

3. Each person to whom Designated Discovery Material may be disclosed, and who is required to sign the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, prior to the time such Designated Discovery Material is disclosed to him or her. Counsel for a party who makes any disclosure of Designated Discovery Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel to all other parties at the termination of this action.

4. At the request of the Producing Party, persons not permitted access to Designated Discovery Material under the terms of this Protective Order shall not be present at depositions while the Producing Party's Designated Discovery Material is discussed or otherwise disclosed. Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Discovery Material from disclosure to persons not authorized to have access to such Discovery Material. Any Party intending to disclose or discuss Designated Discovery Material at pretrial or trial proceedings must give advance notice to assure the implementation of the terms of this Protective Order.

### D. Use Of Designated Discovery Material

1. **Use Of Designated Discovery Material By Receiving Party.** Unless otherwise ordered by the Court or agreed to in writing by the Parties, all Designated Discovery Material shall be used by the Receiving Party only for purposes of this litigation and shall not be used in any other way. Information contained or reflected in Designated Discovery Materials shall not be disclosed in conversations, presentations (by parties or counsel, vendors, experts, consultants, or otherwise) in court or in other settings that might reveal Designated Discovery Material, except in accordance with the terms of this Order.

2. **Use Of Designated Discovery Material By Producing Party.** Nothing in this Order shall limit any Producing Party's use of its own documents and information, nor

shall it prevent the Producing Party from disclosing its own confidential information, documents or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

3.  **Use of Designated Discovery Material at Depositions.** Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning Designated Discovery Material if the provisions of this Order are complied with.

### E.     Procedure for Designating Discovery Materials

1.  Subject to the limitations set forth in this Order, a Producing Party may designate as "Confidential" information the Producing Party believes in good faith meets the definition set forth above, and a Producing Party may designate as "Highly Confidential" information the Producing Party believes in good faith meets the definition set forth above. Any material (including physical objects) made available for initial inspection by counsel for the Producing Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "Highly Confidential" information and shall be subject to this Order. Thereafter, the Producing Party shall have ten (10) business days from the inspection to review and designate the appropriate documents as "Confidential" or "Highly Confidential" information prior to furnishing copies to the Receiving Party.

2.  Except as otherwise provided in this Order or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be designated in accordance with this Paragraph (E) before the material is disclosed or produced.

3.  Designation in conformity with this Order requires:

    a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

    b) For testimony given in deposition or in other pretrial or trial proceedings, the Producing Party shall specify any portions of the testimony that it wishes to designate as "Confidential" or "Highly Confidential." In the case of deposition, the Producing Party may also designate any portion of a deposition transcript as "Confidential" or "Highly Confidential" by informing the reporter and opposing party in writing within thirty (30) calendar days of completion of the deposition of the designations to be applied. All deposition transcripts not marked at least "Confidential" during the deposition will nonetheless be treated as "Confidential" until the thirty (30) day period has expired.

    c) For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

### F.  No Waiver of Privilege

  1. Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, within ten (10) calendar days after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests in writing return of such documents to the Producing Party. Upon request by the Producing Party, the Receiving Party shall promptly return or destroy all copies of such inadvertently produced document(s). Nothing

herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

### G. Inadvertent Failure to Designate

1. An inadvertent failure to designate qualified information, documents or things as "Confidential" or "Highly Confidential" does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, as soon as reasonably possible a Producing Party may notify the Receiving Party in writing that the material is to be designated as "Confidential" or "Highly Confidential" with the factual basis for the assertion of designation as "Confidential" or "Highly Confidential." Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). The Producing Party shall provide substitute copies of the documents bearing the confidentiality designation.

### H. Filing Designated Discovery Material

1. Without written permission from the Producing Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Designated Discovery Material but must file such Designated Discovery Material under seal in conformance with the Court's rules and procedures. Discovery Material filed under seal shall bear the title of this matter, an indication of the nature of the contents of such sealed envelope, or other container, the words "Confidential Information – Under Protective Order", or "Highly Confidential Information – Under Protective Order", as appropriate, and a statement substantially in the following form:

>This envelope contains confidential information filed in this case by (name of party) and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court presiding over this matter.

### I.  Challenges to Confidentiality Designations

1. The parties will use reasonable care when designating documents or information as "Confidential" or "Highly Confidential". Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as "Confidential" Discovery Material or "Highly Confidential" Discovery Material have been improperly designated.

2. A party shall not be obligated to challenge the propriety of a "Confidential" or "Highly Confidential" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be designated differently. Within ten (10) calendar days of the receipt of challenge, counsel for the Producing Party and the Receiving Party shall meet and confer in an effort to resolve any disputes. If agreement cannot be reached, the Receiving Party shall request that the Court cancel or modify a "Confidential" or "Highly Confidential" designation pursuant to Federal and Local Rules. The Designated Discovery Material shall be treated in accordance with the terms of this Order while the Receiving Party's application to the Court is pending.

### J.  Protected Discovery Material Subpoenaed or Ordered Produced In Other Litigation

1. If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as

- 10 -

"Confidential" or "Highly Confidential", the Receiving Party must so notify the Producing Party, in writing (by fax and e-mail) promptly and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Receiving party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all the Discovery Material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Discovery Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### K.   Unauthorized Disclosure Of Designated Discovery Material

1.   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement To Be Bound By Protective Order" that is attached hereto as Exhibit A.

### L.  Non-Party Use of this Protective Order

1. A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.

2. A non-party's use of this Protective Order to protect its "Confidential" information or "Highly Confidential" information does not entitle that non-party access to "Confidential" information or "Highly Confidential" information produced by any party in this case.

### M.  Duration

1. Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

### N.  Final Disposition

1. Unless otherwise ordered or agreed to in writing by the Producing Party, within 180 calendar days after the final termination of this action, each Receiving Party must destroy or return all Designated Discovery Material to the Producing Party. As used in this Paragraph, "all Designated Discovery Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Discovery Material. The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Producing Party) by the 180-day deadline. Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated

Discovery Material. Any such archival copies that contain or constitute Designated Discovery Material remain subject to this Protective order as set forth in Paragraph M (Duration), above.

O.   **Miscellaneous**

1. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order. The Court shall take appropriate measures to protect Designated Discovery Material at trial and any hearing in this case.

2. This Order shall not diminish any existing obligation or right with respect to Designated Discovery Material, nor shall it prevent a disclosure to which the Producing Party consents in writing before the disclosure takes place.

3. The United States District Court for the District of Massachusetts is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Designated Discovery Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of Massachusetts. Every individual who receives any Designated Discovery Material agrees to subject himself or herself to the jurisdiction of this Court for the purposes of any proceedings related to performance under, compliance with, or violation of this Order.

Dated: December 4, 2009                               Respectfully submitted,

| | |
|---|---|
| /s/ Gregory Y. Porter<br>Gregory Y. Porter (*pro hac vice*)<br>Bailey & Glasser, LLP<br>601 Penn Ave NW<br>Washington, DC 20004<br>Tel: 202-543-0226<br>Fax: 202-434-8252<br>E-mail: gporter@baileyglasser.com<br><br>Matthew P. McCue (BBO #565319)<br>Law Office of Matthew P. McCue<br>179 Union Ave.<br>Framingham, Massachusetts 01702<br>Tel:  (508) 620-1166<br>Fax:  (508) 820-3311<br><br>*Counsel to Plaintiff Fishman Haygood Phelps Walmsley, Willis & Swanson, LLP* | /s/ Lori A. Martin<br>Lori A. Martin (*pro hac vice*)<br>Dawn M. Wilson (*pro hac vice*)<br>Brad Konstandt (*pro hac vice*)<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>399 Park Avenue<br>New York, New York 10022<br>Tel.: (212) 230-8800<br>Fax: (212) 230-8888<br>E-mail: lori.martin@wilmerhale.com<br><br>Jeffrey B. Rudman (BBO # 433380)<br>Phillipa Gage (BBO # 664528)<br>Manique W. Bloom (BBO # 670537)<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Tel: (617) 526-6000<br>Fax: (617-526-5000<br>E-mail: jeffrey.rudman@wilmerhale.com<br><br>*Counsel to Defendants State Street Corporation, State Street Bank and Trust Company, State Street Bank and Trust Company. of New Hampshire, and State Street Global Advisors* |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: /2/(/( )

The Honorable Patti B. Saris
United States District Judge

# EXHIBIT A

*Fishman Haygood Phelps Walmsley Willis & Swanson, L.L.P., et al. v. State Street Corporation, et al.,* Case Number: 1:09-CV-10533-PBS (D. Mass. 2009)

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

## BY PROTECTIVE ORDER

I, _____ [print or type full name], state:

1. I reside at _____;

2. My present employer is _____;

3. My present occupation or job description is _____;

4. I agree to keep confidential all information provided to me in the matter of *Fishman Haygood Phelps Walmsley Willis & Swanson, L.L.P., et al. v. State Street Corporation, et al.,* Case Number: 1:09-CV-10533-PBS in the United States District Court for the District of Massachusetts, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5. I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order.

6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on _____


_____
[printed name]


_____
[signature]

CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2009, I caused a copy of this Document to be served electronically, via the electronic filing system, on the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Lori A. Martin

Lori A. Martin