# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FISHMAN HAYGOOD PHELPS WALMSLEY, WILLIS & SWANSON, L.L.P., *and all others similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE STREET CORPORATION, STATE STREET BANK & TRUST COMPANY, STATE STREET BANK & TRUST COMPANY OF NEW HAMPSHIRE, AND STATE STREET GLOBAL ADVISORS,<br><br>Defendants. | CASE NO. 1:09-cv-10533-PBS |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF ADDITIONAL WITNESS TO PROVIDE TESTIMONY ON BEHALF OF DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Jeffrey B. Rudman (BBO #433380)
Phillipa J. Gage (BBO #664528)
Manique W. Bloom (BBO #670537)
Bryan S. Conley (BBO #666830)
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Lori A. Martin (*pro hac vice*)
Dawn M. Wilson (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

*Counsel for Defendants State Street Corporation, State Street Bank & Trust Company, State Street Bank & Trust Company of New Hampshire, and State Street Global Advisors*

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................1

STATEMENT OF FACTS ....................................................................................................4

    A.     Status of the Litigation............................................................................4

    B.     Rule 12(b)(1) Discovery .........................................................................5

    C.     State Street designated Kathleen Mann as its Rule 30(b)(6) Witness ....................6

    D.     Discovery At Issue in This Motion .........................................................7

ARGUMENT ........................................................................................................................8

I.     STATE STREET COMPLIED WITH ITS OBLIGATIONS UNDER THE
     FEDERAL RULES BY PROVIDING AN INFORMED WITNESS ON THE
     MATTERS STATED IN THE NOTICE .............................................................8

    A.     The Information Plaintiff Seeks In this Motion is Not Relevant to Rule 12(b)(1)
          Discovery Because It is Not Tailored to Whether The Fishman Plan Has Incurred
          a Cognizable Loss ...................................................................................9

    B.     The Information that State Street's 30(b)(6) Witness Could Not Provide is
          Contained in Previously Documents and is Cumulative of the Discovery that State
          Street Previously Provided.....................................................................10

    C.     The Unanswered Questions Were Not Particularized in the Notice.....................14

    D.     The Request is Moot Insofar as Plaintiff has Submitted Its 12(b)(1) Report on Its
          Alleged Injury and None of the Unanswered Questions Bear on that Submission16

CONCLUSION....................................................................................................................17

# TABLE OF AUTHORITIES

**Federal Cases**

*Alexander v. FBI*,
    186 F.R.D. 137 (D.D.C. 1998) ............................................................................... 8, 16

*Bender v. Williamsport Area Sch. Dist.*,
    475 U.S. 534 (1986) ............................................................................................... 1

*Berwind Prop. Group, Inc. v. Envtl. Mgmt. Group, Inc.*,
    233 F.R.D. 62 (D. Mass. 2005) ............................................................................ 16

*Detoy v. City & County of San Francisco*,
    196 F.R.D. 362 (N.D. Cal. 2000) .......................................................................... 15

*Newman v. Borders, Inc.*,
    257 F.R.D. 1 (D.D.C. 2009) ............................................................................. 14, 16

*Paparelli v. Prudential Ins. Co. of America*,
    108 F.R.D. 727 (D. Mass. 1985) ...................................................................... 8, 15

*Philbrick v. eNom, Inc.*,
    593 F. Supp. 2d 352 (D.N.H. 2009) ...................................................................... 14

*U.S. v. Massachusetts Indus. Finance Agency*,
    162 F.R.D. 410 (D. Mass. 1995) .......................................................................... 16

*Whittingham v. Amherst College*,
    163 F.R.D. 170 (D. Mass. 1995) .......................................................................... 11

# INTRODUCTION

By this motion, Plaintiff seeks discovery that is beyond the subject matter of the limited Rule 12(b)(1) discovery ordered by the District Court and much different than the issues particularized in the notice of deposition of a State Street Rule 30(b)(6) witness.  As background to the present motion, the State Street Defendants have raised a serious challenge to Plaintiff's standing to pursue this litigation.  Plaintiff has incurred no out-of-pocket losses as a result of the ABA Retirement Funds' participation in the State Street securities lending program.  Those funds have received favorable returns on their securities lending investment, and Plaintiff benefited handsomely (albeit derivatively) from those returns because Plaintiff's retirement plan invests in the ABA Retirement Funds.  Plaintiff is also free to exit the program at any time, at the full $1.00 per unit investment in the securities lending program, amply demonstrating that it has no realized or threatened injury.  Given that Plaintiff has incurred no out-of-pocket losses, and also has received favorable returns on its investment, it cannot demonstrate Article III injury because it has not "personally . . . suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 542 (1986) (internal quotation marks omitted).

On the face of a serious challenge to Plaintiff's standing to proceed with this action, the District Court ordered limited Rule 12(b)(1) discovery for the purpose of creating a record on whether *Plaintiff* has incurred a cognizable loss resulting from the ABA Retirement Fund's participation in the State Street securities lending program.  As State Street's Rule 30(b)(6) witness, State Street designated Kathleen Mann, a Senior Managing Director, to testify about the impact of the cash collateral pools on the performance of the ABA Retirement Funds in which the Fishman Retirement Plan invested.  She was eminently qualified to provide this testimony as she is one of the senior State Street personnel who support the ABA Retirement Funds.  She

attends the quarterly board meetings of the ABA Retirement Funds. She also supervises the provision of data to the ABA Retirement Funds to assist it in tracking (among other things) the performance of the collateral pools on the ABA Retirement Funds. In addition to her extensive knowledge about the *funds in which Plaintiff invested*, Ms. Mann further prepared for testimony relating to the performance of the collateral pools by interviewing State Street personnel, including a senior credit analyst, the senior portfolio manager of the collateral pools, and two fund accounting personnel.

Notwithstanding Ms. Mann's extensive preparation on the subject matter of limited Rule 12(b)(1) discovery, Plaintiff studiously avoided testimony regarding the *funds in which the Fishman Plan invested.* Plaintiff's refusal to provide Ms. Mann with the financial statements for the funds in which the Fishman Plan invested exemplified Plaintiff's approach to the deposition. Although the witness repeatedly stated that the financial statements for the funds in which the Fishman Plan invested would assist her testimony on such relevant topics as the impact of the performance of the collateral pools on *Plaintiff's* investment, Plaintiff's counsel refused to provide the witness with those statements.[1] Rather than pursue testimony about the performance of the funds in which the Fishman Plan invested, Plaintiff alternatively sought testimony on whether *other investors* may have incurred losses in the securities lending program, or the method of computing line items in financial statements (a topic neither suggested by the Complaint nor the notice of deposition). Given the scant relevance of these topics to the subject matter of Rule 12(b)(1) discovery, and because nothing in the 30(b)(6) notice fairly alerted the

---

[1] Declaration of Gregory Porter in Support of Plaintiff's Production of Additional 30(b)(6) Witness ("Porter Decl."), Ex. 3 (Deposition of Kathleen Mann, dated January 6, 2010 ("Tr.") at 70 ("A: It would probably be best to go to the [S-1] where [the Funds] are all listed rather than trying to recollect and go to each page. Q: Well. I'm not sure I have an S-1 with me").

witness to inform herself on these topics, the witness did not know the answer to some of these questions.

Plaintiff has now brought this improvident motion, seeking to compel testimony that is beyond that which the District Court authorized in Rule 12(b)(1) discovery and also beyond the scope of the topics particularized in the Rule 30(b)(6) notice. The requested relief is confined to two of the five topics listed in the 30(b)(6) notice: (1) how returns from the collateral pools are shared with investors in the Collective Trust Funds; and (2) returns for the collateral pools. *See* Memorandum in Support of Plaintiff's Motion to Compel Production of Additional Witness to Provide Testimony on Behalf of Defendants Pursuant to Federal Rule of Civil Procedure 30(b)(6), dated January 15, 2009 ("Mem") at 12. Plaintiff concedes that State Street satisfactorily responded to the other three topics contained in the notice. *Id.*

The motion should be denied for four reasons. First, the testimony Plaintiff seeks is not directed to whether *Plaintiff* has incurred a cognizable loss – which is the subject of this limited Rule 12(b)(1) discovery. Second, the request for supplemental testimony is improper because the technical information Plaintiff seeks is contained in documents that the Defendants previously produced in this litigation and a supplemental deposition would be at best cumulative of the information that Defendants previously produced. Third, the few questions that Ms. Mann could not answer were beyond the scope of the 30(b)(6) notice and State Street was not fairly placed on notice that she should be prepared to testify about line item computations in the financial statements for the Collateral Pools. Last, this motion is functionally moot because Plaintiff already has submitted its papers on the Fishman Plan's supposed injury and the testimony it now seeks neither precluded it from submitting those papers nor bears any relationship to the arguments advanced in those papers.

To the extent, however, that Plaintiff would benefit from responses to technical questions regarding the computation of line items in the financial statements for the collateral pools, the State Street Defendants previously agreed to a proposal (later withdrawn by Plaintiff) to submit responses in writing that could be confirmed by State Street accounting and fund financial reporting personnel.   On this record, the State Street Defendants have complied with their obligations under the Federal Rules and the motion should be denied.

## STATEMENT OF FACTS

### A.     Status of the Litigation

Plaintiff is a law firm whose retirement plan participates in the American Bar Association Retirement Fund Program ("ABA Program").  The investment options offered through the ABA Program are established under the American Bar Association Members/State Street Collective Trust.  The ABA Program includes investment options that engage in securities lending and Plaintiff accepted these options when it elected to participate in the ABA Program ("Collective Trust Funds").  Securities lending is an investment strategy intended to provide greater returns (by the addition of securities lending revenue) than an investor would receive from funds that do not lend their securities.  The Collective Trust Funds loaned the securities they owned to third parties in exchange for cash collateral, which is invested in pools ("Collateral Pools") that are managed by State Street.

Plaintiff alleges that State Street breached its fiduciary duties under ERISA and caused the Plaintiff to suffer economic damages.  On June 22, 2009, Defendants moved to dismiss for lack of Article III standing because Plaintiff has not suffered an injury.[2]  Although the Plaintiff makes a claim for money damages, the Plaintiff has not demonstrated a cognizable, definite,

---

[2] Defendants' Memorandum in Support of their Motion to Dismiss and Reply may be found at Docket Nos. 19 and 40, respectively.

monetary injury. None of Plaintiff's transactions in the Collective Trust Funds has resulted in corresponding transactions between the Collective Trust Funds and the Collateral Pools at prices of less than $1.00 per unit, and Defendants have been faithfully transacting investments in the Collateral Pools at $1.00 per unit. Nor has Plaintiff shown that it has tried to sell its investment in the Collective Trust Funds and was not able to do so, or that it has realized directly or indirectly any damage on transactions between the Collective Trust Funds and the Collateral Pools. State Street imposes no redemption restrictions from the Collective Trust Funds by ABA Trust plan sponsors or individual plan participants.

**B.     Rule 12(b)(1) Discovery**

On October 14, 2009, the Court ordered limited discovery pertaining to the Fishman Plan's economic losses to develop a record on subject matter jurisdiction. In accord with this ruling, the parties negotiated a discovery plan, memorialized in a letter dated November 20, 2009. Declaration of Gregory Porter in Support of Plaintiff's Production of Additional 30(b)(6) Witness, dated January 15, 2010 ("Porter Decl.") Ex. 1. Item 16 of this letter, which Plaintiff copied in its 30(b)(6) deposition notice, addressed discovery that State Street was obliged to provide on the issue of Plaintiff's alleged injury. These topics are the following:

(1) how returns from the Collateral Pools are shared with investors in the Collective Trust Funds;

(2) returns for the Collateral Pools;

(3) valuation of Collateral Pool investments,

(4) Collateral Pool liabilities to borrowers, and

(5) withdrawal restrictions that are applicable to the Fishman Plan.

(Porter Decl., Exhs. 1, 2.)

### C. State Street designated Kathleen Mann as its Rule 30(b)(6) Witness

As its 30(b)(6) witness, State Street designated Ms. Kathleen Mann, a former portfolio manager with over 20 years of investment experience in global financial markets. The witness is a current senior managing director at State Street who works in the office of the fiduciary advisor, a group that oversees and manages client pension and endowment plans, and a member of the SSgA investment committee. Porter Decl., Ex. 3 (Deposition Transcript of Kathleen Mann, dated January 6, 2010) ("Tr.") at 8-9. She has worked at State Street since 1998 and is responsible for, among other matters, performance assessment of the funds in the ABA Retirement Trust. *Id.*

For several years Ms. Mann has provided information to the ABA Retirement Trust about the securities lending program in which those clients participate, including information about unrealized losses in the ABA Retirement Trust relating to that Trust's Collateral Pool holdings. Porter Decl, Ex. 7 at ¶ 2; Tr. at 8-14, 141. She regularly attends the ABA Retirement Trust board meetings, is knowledgeable about performance of the funds in the ABA Retirement Trust, the underlying lending funds in which they invest, and the Collateral Pools. Porter Decl., Ex. 7 at ¶ 2; Tr. at 8-9, 141.

Ms. Mann supplemented her personal knowledge about the ABA Retirement Trust and Collateral Pools through comprehensive interviews of other senior State Street employees. She testified that she had devoted several hours to interviews of senior State Street personnel, including the head of cash collateral portfolio investment management, the head of credit research, and senior executives in the operations group in charge of facilitating the movement of cash and securities in the Collateral Pools and financial reporting. Porter Decl., Ex. 7, at ¶ 2; Tr. at 10-14, 119-122, 136-141. She also reviewed documents relevant to the noticed topics. Tr. at 123-125, 136-141.

**D.      Discovery At Issue in This Motion**

Plaintiffs maintain that State Street's 30(b)(6) witness was not fully informed with respect to topics 1 and 2 in the deposition notice; in particular, "How returns to the Collateral Pools are shared with investors in the Collective Trusts" and "Returns for the Collateral Pools During the Class Period." Mem. at 12. Ms. Mann provided complete testimony on both of these topics.

With respect to topic 1 of the notice, Ms. Mann interviewed operational personnel who assisted in the preparation of the financial statements and responded to Plaintiff's questions about how the returns are shared with investors in the Collective Trusts. In relevant parts, she testified that income from the Collateral Pools flows to investors either through the NAV of a lending fund or as income outside the funds Tr. at 21, 22, 77, 99, 100, 101. She noted that an investor's return is the combined return of the lending fund and the Collateral Pool. Tr. at 36. She testified that a portion of the income from the pools is remitted to the borrowers and a portion is remitted to the lending fund and to State Street as the lending agent. Tr. at 102. She also described the difference between the manner in which base funds and series funds share returns with the lending funds. Tr. at 138.

With respect to topic 2 of the notice, Ms. Mann also came prepared to testify about the returns for the collateral pools. She was familiar with the returns on the pools and the extent to which they have realized losses. Tr. at 25-30, 38, 43. She testified that unrealized losses in the collateral pools would not influence the net asset value of a unit in a lending fund because investors transact in collateral pool units valued at a dollar. Tr. at 104. Although one of Plaintiff's complaints was that Ms. Mann could not testify about returns for the collateral pools in 2009, Mem. at 13 (citing to Porter Decl., Ex. 4, Rows 17-18), Ms. Mann explained that the

financial statements for 2009 would not be completed for several months.  Tr. at 118.  She could

not perform the actual computations for the generation of financial statements (Tr. at 109), but

those questions were not the subject of the notice and her inability to testify about the

computation of line items in the Collateral Pool financial statements was not material to the issue

of the Fishman Plan losses in the lending funds.  Although the witness repeatedly informed

Plaintiff that the financial statements for the lending funds were required to respond to questions

about realized losses by investors in the ABA Trust and other lending funds (Tr. at 39-41, 45-48,

58-60), Plaintiff's counsel refused to show those documents to her.  *E.g.,* Tr. at 58-60.

As discussed more fully below, State Street's 30(b)(6) witness provided substantially

complete testimony on the matters described in the deposition notice, and the discrete questions

that the witness could not answer were beyond the scope of Rule 12(b)(1) discovery and the

particularization of topics in the 30(b)(6) deposition notice.

## ARGUMENT

## I.  STATE STREET COMPLIED WITH ITS OBLIGATIONS UNDER THE FEDERAL RULES BY PROVIDING AN INFORMED WITNESS ON THE MATTERS STATED IN THE NOTICE

Rule 30(b)(6) of the Federal Rules of Civil Procedure required that State Street provide a

witness that was "knowledgeable on the subject matter identified as the area of inquiry" and

prepared "on matters not only known by the deponent, but those that should be reasonably

known by the designating party."  *Alexander v. FBI,* 186 F.R.D. 137, 141 (D.D.C. 1998).  This

obligation is limited, however, to matters described "with reasonable particularity."  Fed. R. Civ.

P. 30(b)(6).  *See Paparelli v. Prudential Ins. Co. of America*, 108 F.R.D. 727, 729-730 (D. Mass.

1985).  State Street more than satisfied its obligations under Rule 30(b)(6).

**A.      The Information Plaintiff Seeks In this Motion is Not Relevant to Rule 12(b)(1) Discovery Because It is Not Tailored to Whether The Fishman Plan Has Incurred a Cognizable Loss**

Further deposition testimony on the particular issues identified at pages 12-13 of the Memorandum would be beyond the scope of the narrow discovery that the District Court ordered.  In particular, the questions that Plaintiff highlights do not bear on whether *Plaintiff* has incurred losses in this action.  Two examples are illustrative:

Plaintiff asserts that the witness "did not know if collateral pools realized credit losses in 2008."  Mem. at 13 (citing Porter Decl., Ex. 4, Row 13).  The question did not address whether the Collateral Pools realized a loss, or even whether the loss was passed on to investors in the ABA Retirement Funds.  Plaintiff asked something different; namely, could the witness characterize the circumstances of the loss (meaning that the loss resulted from a credit event as opposed to a transaction in the market of a security that traded at a depressed value but for which the Trustee for the security had not declared a credit event).  The characterization of the loss as a credit event, as opposed to the fact of the loss, however, does not bear on whether *Plaintiff* has incurred a loss.

In the second example, Plaintiff complains that the witness did not know "how State Street determines whether a credit loss is material."  Mem. at 13 (citing Porter Decl., Ex. 4, Row 12).  Yet again, Plaintiff assiduously avoided testimony on whether the funds in which it invested incurred losses, or even whether the Collateral Pools incurred losses.  Plaintiff sought, instead, information regarding State Street's internal standard for assessing whether a loss is *material*.  Regardless of State Street's internal standard for materiality, 12(b)(1) discovery is limited to whether *Plaintiff* has incurred a loss, and not whether that loss was material or was attributable to a credit event.

Although Plaintiff now argues that it asked these questions because it wanted to know "how the earned or lost income (in the Collateral Pools) translated to gains or losses to the beneficial owners of the investments in the Collective Trusts" (Mem. at 14), the evidence as to whether the beneficial owners of the Collective Trusts incurred gains or losses is contained *only* in the financial statements for the funds in which *Plaintiff* invested. *See* Tr. at 58-60. With respect to those investments, Plaintiff refused to show State Street's 30(b)(6) witness the financial statements she identified as necessary to report on the Fishman Plan's gains or losses. *Id*.

In any event, Plaintiff's characterization of the fulsomeness of Ms. Mann's testimony bears remarkably little relationship to the testimony she in fact provided insofar as the witness gave substantive responses to these supposedly unanswered questions. Consider, for example, Plaintiff's claim that the witness "did not know whether State Street had the power to withhold income from the Collateral Pools to meet other needs like liquidity." Mem. at 12 (citing Porter Decl., Ex. 4, Row 1). With respect to questions about whether State Street *actually withheld income* from the Collective Trust Funds (as opposed to the legal formulation as to whether State Street had the *power* to withhold income), Ms. Mann testified that cash invested in the Collateral Pools earns a rate of return according to a formula, which State Street applies to the Collective Trust Funds, and that State Street does not have discretion over the amount of income earned by investors. Tr. at 23-24.

### B. The Information that State Street's 30(b)(6) Witness Could Not Provide is Contained in Previously Documents and is Cumulative of the Discovery that State Street Previously Provided

Plaintiff's request for an additional deposition witness is cumulative because the information that it supposedly seeks from a testifying witness is sufficiently contained in documents that State Street previously produced. *See Whittingham v. Amherst College*, 163

F.R.D. 170, 171 (D. Mass. 1995) ("Rule 26(b)(2) provides, in applicable part, that discovery should be limited if the Court determines that (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive…").  Although Plaintiff's counsel elected not to use documents relevant to the questions now presented for judicial review, the documents that State Street previously produced provide the very information that Plaintiff supposedly seeks through a compulsory testimony.  The following four examples from Plaintiff's unanswered list of topics (*see* Mem. at 12-13) are exemplary (though not exhaustive) of the information that State Street already has provided and, together, confirm that the pending request for an additional deponent is at best cumulative of the record in this case.

As its first complaint in the list of supposedly unanswered questions, Plaintiff asserts that State Street's 30(b)(6) witness "did not know if distribution from a Collateral Pool occurs before or after the borrower paid a rebate**.**  *See* Mem. at 12 (citing Porter Decl., Ex. 4, Row 6). Although the use of documents in depositions is no doubt a strategic determination, Plaintiff's counsel elected *not to use* documents bearing on this topic.  The American Bar Association/State Street Collective Trust December 31, 2008 Form 10-K ("ABA 2008 10-K") directly responds and answers Plaintiff's question, stating:  "a portion of the income is generated on the cash collateral…is remitted to the borrowers of securities, and the *remainder* if any is attributed…between the lending fund and State Street Bank in its capacity as lending agent"). Declaration of Dawn Wilson, dated January 29, 2010 ("Wilson Decl."), Ex. A at SS_FISH 001555 (emphasis supplied).  The Securities Lending Authorization Agreement, previously produced to Plaintiff, independently and expressly discloses the timing of the payment of a borrower rebate.  Wilson Decl., Ex. B at SS_FISH 0001462 ("The net income generated by an

investment made . . . shall be allocated among the Borrower in accordance with the Securities Lending Agreement, State Street and the Trust, as follows:  (a) a portion of such income shall be paid to the Borrower in accordance with the Securities Lending Agreement between the Borrower and State Street (the rebate fee for the use of cash collateral); (b) the balance, if any shall be divided between State Street as compensation for its services in connection with the securities lending program and the Trust as such income shall be credited to the Trust's account."

Similarly, Plaintiff contends that State Street's 30(b)(6) witness did not "know how income from securities lending for funds in the ABA Trust is calculated."  *See* Mem. at 13 (citing Ex. 4, Row 15); Tr. 30-31.  Yet again, Plaintiff elected not to use documents that directly answered this question.  The State Street Bank and Trust Company Quality Funds for Short-Term Investment Declaration of Trust, dated January 25, 1995, provides the answer that Plaintiff complains that it could not get:  "Each Unit shall represent an undivided proportionate interest in all assets and liabilities of the Fund, and all income, profits and losses shall be allocated to all Units Equally."  Wilson Decl., Ex. C at SS_FISH 0001478 (Section 4.01).

As a third example of another supposed deficiency, Plaintiff complains that State Street's witness did not know "where per share distributions go."  *See* Mem. at 13 (citing Porter Decl., Ex. 4, Row 4).  Yet again, documents Plaintiff elected not to use in the deposition bear directly on this question.  The State Street Bank and Trust Company Quality D Short-Term Investment Fund Financial Statements, dated December 31, 2008, previously produced to Plaintiff, expressly addresses distributions:  "Distributions from net investment income are recorded and paid daily. Amounts received by participants [in Collateral Pool units] are reduced by payments to borrowers and operating expenses . . . For distribution purposes only, net realized and unrealized gains deemed to arise from amortization of discount and premium are included in distributions

from net investment income."  Wilson Decl., Ex. D at SS_FISH 000705 (Section E).  The ABA

2008 10-K also responds to Plaintiff's question.  It states:  "All securities lending income earned

by the Funds in the Trust is credited on a cash basis generally in the month following the month

in which it is earned due to the immaterial amounts.  The method is applied to the income both

from the Funds lending securities directly and from collective investment funds in which certain

Funds are invested and which lend a portion of their securities."  Wilson Decl., Ex. A at

SS_FISH 0001781 (Section C).

Finally, Plaintiff complains that State Street's witness "could not say whether the per-unit

return in the Collateral Pool credited to investors in lending funds reflected unrealized losses."

*See* Mem. at 13 (citing Ex. 4, Row 9; *see also* Rows 5, 8).  Plaintiff need look no further than

previously produced documents that directly answer this question.  The ABA 2008 10-K states

that lending fund financial statements recognize the unrealized losses in the Collateral Pool

returns that are credited to the Funds, "[h]owever, these Funds…have continued to value their

investments in the cash collateral funds for purposes of Participant transactions at the amortized-

cost based value used by the cash collateral funds for daily transactions.  *Accordingly, actual*

*returns experienced by Participants in the Funds based on net asset values for transaction*

*purposes do not reflect these unrealized losses*."  Wilson Decl., Ex. A, at SS_FISH 1607

(emphasis supplied).

State Street disputes Plaintiff's assertion that the 30(b)(6) witness did not respond

adequately or completely to questions about returns earned by the Collateral Pools.  At various

points in her deposition, Ms. Mann testified that the value of each unit in a Collective Trust Fund

does not fluctuate according to unrealized losses in the Collateral Pools.  Tr. at 60, 104.  She

further testified that the units (as stated in the Lending Fund financial statements that Plaintiff

did not provide the witness) reflect collateral mark-to-market values, and that investors in a lending fund transact at a $1.00 transaction value in the Collateral Pools. Tr. at 104-105 (Q: So even if the aggregate unrealized losses under mark-to-market yield the result of, let's say, 95 cents a unit in a Collateral Pool versus a dollar a unit, that 95 cents per unit would not . . . influence the net asset value of a unit in a commingled lending fund? A: Yes, it would not").

## C. The Unanswered Questions Were Not Particularized in the Notice

Rule 30(b)(6) limits testimony to that which is identified with reasonable particularity in the notice. Courts in this district previously have explained: "If a party were free to ask any questions, even if 'relevant' to the lawsuit, which were outside the scope of the 'matters on which examination is requested' the requirement that the matters be listed with 'with reasonable particularity' would make no sense." *Paparelli*, 108 F.R.D. at 30 (quoting Fed. R. Civ. P. 30(b)(6)). *See also Philbrick v. eNom, Inc.*, 593 F. Supp. 2d 352, 363 (D.N.H. 2009) (where the noticed deposition topics were stated generally to the company's overall methods, policies and procedures, topics were not stated with reasonable particularity to allow questions regarding specific handling of a domain name); *Newman v. Borders, Inc.*, 257 F.R.D. 1, 3 (D.D.C. 2009) ("[T]here is a burden on a 30(b)(6) designee to speak knowingly to a topic. There is, however, a concomitant responsibility upon the party who had noticed the 30(b)(6) deposition to define as clearly as possible the topics for the deposition").

Issues of fairness, both to State Street and the witness, are clearly implicated by this limiting principle. Plaintiff seeks to dress up and stretch out a notice termed "returns for the collateral pools" (Notice of 30(b)(6) Deposition of State Street Bank & Trust, Co., Porter Decl., Ex. 2) into a particularized statement about line item calculations of financial statements for the Collateral Pools. The 30(b)(6) notice did not fairly provide an indication that Plaintiff intended to explore the line item preparation of financial statements for the Collateral Pool. Had Plaintiff

properly particularized its interest, the State Street Defendants would have sought judicial relief because the scope of the current 12(b)(1) subject matter discovery is limited to whether *Plaintiff* has a cognizable injury. As to whether Plaintiff has been injured, State Street's 30(b)(6) witness was prepared and competent to testify about the extent to which the funds in which the Fishman Plan invested received returns from the Collateral Pools. She in fact provides such information to the ABA Retirement Funds on a regular basis. Tr. at 8-14, 141.

The following illustrations underscore the extent to which the evidence that Plaintiff seeks in this motion exceeds the topic actually noticed for 30(b)(6) discovery. In discovery limited to whether *Plaintiff* has a cognizable injury, Plaintiff now contends that the topic "returns for the collateral pools" provided notice that it actually was interested in "the difference between the realized loss and the net change in unrealized appreciation as reported on the 2008 Quality D Financial Statement" Mem. at 13 (citing Porter Decl., Ex. 4, Row 2) or "how the net income per unit in the collateral pool was calculated" Mem. at 13 (citing Porter Decl., Ex. 4, Row 3). The 30(b)(6) notice plainly did not inform State Street that Plaintiff actually wanted a witness to testify about accounting methods rather than returns that the ABA Retirement Funds received from the Collateral Pools. *Cf. Paparelli*, 108 F.R.D. at 731 (rejecting questions that "went far beyond the subject matter of the deposition as listed in the 30(b)(6) notice").

The questions on which Plaintiff now seeks a second deponent were not properly particularized. For this reason, the motion to compel should be denied. *Detoy v. City & County of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000) ( "if the deponent does not know the answer to questions outside the scope of the matters described in the notice, then that is the examining party's problem") (internal citations omitted).

**D.      The Request is Moot Insofar as Plaintiff has Submitted Its 12(b)(1) Report on Its Alleged Injury and None of the Unanswered Questions Bear on that Submission**

Plaintiff has now submitted its 12(b)(1) report on alleged injury.  Nowhere in that report is a statement that the questions presented at pages 12-13 of the Memorandum in support of the Motion to Compel were required to formulate a position on whether Plaintiff has incurred cognizable injury.  Given that the supposedly unanswered questions are covered by documents previously produced, and that line item computation of the financial statements for the Collateral Pools does not bear on whether Plaintiff has suffered out-of-pocket loss, or a diminished return on its investment relevant to some other cash investment strategy, the information requested by this motion is moot for the purposes of Rule 12(b)(1) discovery.  Plaintiff's Supplemental Memorandum of Law Opposition to Defendants' Motion to Dismiss for Lack of Standing at 4 ("Yet even without this requested information, the evidence of the Plan's losses is more than sufficient to satisfy Article III's 'injury in fact' standing requirements").[3]

To the extent, however, that Plaintiff requires any response to one or more of the questions to which State Street's Rule 30(b)(6) witness could not respond, those answers can appropriately be provided in written form, subject to the review of State Street accounting and financial reporting personnel.  *See Berwind Prop. Group, Inc. v. Envtl. Mgmt. Group, Inc.*, 233 F.R.D. 62, 65-66 (D. Mass. 2005) (requiring defendant to supplement the incomplete testimony by providing documentary evidence to plaintiff); *U.S. v. Massachusetts Indus. Finance Agency*, 162 F.R.D. 410, 411-12 (D. Mass. 1995) (declining to enter order requiring defendant to produce another 30(b)(6) deposition witness or ordering instead the production of additional documents bearing on the subject of the unanswered questions); *Newman v. Borders, Inc.*, 257 F.R.D. 1, 3-4

---

[3]      Plaintiff's Supplemental Memorandum of Law Opposition to Defendants' Motion to Dismiss for Lack of Standing can be found at docket no. 52.

(D.D.C. 2009) (requiring the defendant to submit an affidavit from a company representative to speak to plaintiff's outstanding document retention questions); *Alexander v. FBI*, 186 F.R.D. 137, 142 (D.D.C. 1998) (denying plaintiff's motion for a new 30(b)(6) witness and ordering the plaintiff to submit any questions for which they did not receive answers in the form of interrogatories and requests for production). Here, of course, State Street voluntarily offered to provide written responses to the discrete unanswered questions. (*See* Porter Decl., Ex. 7). Plaintiff instead brought this improvident and baseless motion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Motion to Compel an additional witness pursuant to Fed. R. Civ. P. 30(b)(6) be denied.

Dated: January 29, 2010

Respectfully submitted,

s/ Lori A. Martin_____

Lori A. Martin (*pro hac vice*)
Dawn M. Wilson (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
lori.martin@wilmerhale.com

Jeffrey B. Rudman (BBO #433380)
Phillipa J. Gage (BBO #664528)
Bryan S. Conley (BBO #666830)
Manique W. Bloom (BBO #670537)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
jeffrey.rudman@wilmerhale.com

*Counsel for Defendants State Street
Corporation, State Street Bank & Trust
Company, State Street Bank & Trust
Company of New Hampshire, and State
Street Global Advisors*

CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2010, I caused a copy of this Document and its attachments to be served electronically, via the electronic filing system, on the registered participants as identified on the Notice of Electronic Filing (NEF) and by first-class mail on those indicated as non-registered participants.

/s/ Lori A. Martin

Lori A. Martin