IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Fishman Haygood Phelps Walmsley, Willis & Swanson, LLP, *and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> State Street Corporation, State Street Bank & Trust Co., State Street Bank & Trust Co. of New Hampshire, and State Street Global Advisors, <br><br> Defendants. | Case No. 1:09-CV-10533 PBS |

## STIPULATION RE EXPERT DISCOVERY

The parties respectfully submit this stipulation regarding limitations on expert discovery. In support of this stipulation, the Parties state as follows:

**WHEREAS**, the Parties believe that limitations on expert discovery are appropriate to streamline the discovery process; and

**WHEREAS**, the Parties believe that the expert discovery limitations currently under consideration by the Advisory Committee on Civil Rules as an amendment to Federal Rule of Civil Procedure 26 are an appropriate form for such an order in this case;

**NOW THEREFORE THE PARTIES HEREBY STIPULATE** and jointly request that the Court enter an order that:

1. The Parties shall not seek discovery of drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form of the draft, including drafts of supporting materials used or referenced in such documents.

1

2. The Parties shall not seek discovery of written or electronic communications between a Party's attorney and any witness required to provide a report under Rule 26, regardless of the form of the communications.

3. The provisions of paragraph 2 above shall not prevent discovery of communications that (a) relate to compensation for the expert's study or testimony, (b) identify facts or data that the Party's attorney provided and that the expert considered in forming the opinions to be expressed, (c) identify assumptions that the Party's attorney provided and that the expert relied upon in forming the opinions to be expressed, or (d) relate to the authorship, in whole or in part, of any report or disclosure required under Rule 26(a)(2).

4. The parties shall not seek discovery of any written or electronic communications between a Party's attorney and any consultant not required to provide a report under Rule 26 conducted in anticipation of litigation or for trial, regardless of the form of communications, and shall not seek discovery of any drafts of a written statement, opinion, or report that the consultant has signed or otherwise adopted or approved.

Dated: February 4, 2010     Respectfully submitted,

| _/s/ Gregory Y. Porter_____<br>Gregory Y. Porter (*pro hac vice*)<br>Bailey & Glasser, LLP<br>910 17th Street, Suite 800<br>Washington, DC 20006<br>Tel: 202-543-0226<br>Fax: 202-463-2103<br>E-mail: gporter@baileyglasser.com | _____<br>Lori A. Martin (*pro hac vice*)<br>Dawn M. Wilson (*pro hac vice*)<br>Brad Konstandt (*pro hac vice*)<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>399 Park Avenue<br>New York, New York 10022<br>Tel.: (212) 230-8800<br>Fax: (212) 230-8888<br>E-mail: lori.martin@wilmerhale.com |
|---|---|

| | |
|---|---|
| *Counsel to Plaintiff Fishman Haygood Phelps Walmsley, Willis & Swanson, LLP* | Jeffrey B. Rudman (BBO # 433380)<br>Phillipa Gage (BBO # 664528)<br>Bryan S. Conley (BBO #666830)<br>Manique W. Bloom (BBO # 670537)<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Tel: (617) 526-6000<br>Fax: (617-526-5000<br>E-mail: jeffrey.rudman@wilmerhale.com<br><br>*Counsel to Defendants State Street Corporation, State Street Bank and Trust Company., State Street Bank and Trust Company of New Hampshire, and State Street Global Advisors* |